The magistrate's consideration of the deeding of the Wayne County lots into the names of both parties resulted in his conclusion that an inference arises therefrom that the husband wished to grant one-half interest in the property to the wife.[1] The trial court adopted this conclusion, and I have no quarrel with it. Its corollary, however, also seems inescapable: the husband wished to keep one-half of the property himself. This being the case, the wife has acquired only one-half interest in the property during the marriage, and the other half remains where it was when the marriage took place, i.e., the separate property of the husband.
Under these circumstances, only a one-half interest in the property should have been considered marital property, and I would sustain the first assignment of error to that extent. I concur in the remainder of the majority opinion.
[1] The statutory characteristics of the joint tenancy created by such a deed are, it seems to me, most aptly described as a joint ownership with right of each owner are the same, as those of a tenant in common; i.e., one joint tenant's interest can be severed by partition (R.C.5307.01), and the interest of each joint owner can be reached by creditors (R.C. 5302.20 (C)(4)). Indeed, the survivorship status automatically terminates upon divorce (R.C. 5302.20(C)(5)). This being so, the magistrate and trial judge were correct in concluding that the husband wished to grant one half interest in the property to the wife.